BEFORE THE FIRST DIVISION, JULY 2, 1953

**No. 57413.**—Atlantic Produce Company *v.* United States, protest 190587–K (New York).

MOLLISON, Judge:  In 1946, the plaintiff herein imported certain drums of olive oil from Palestine and caused the same to be deposited in the foreign trade zone on Staten Island, N. Y.  On August 18, 1950, consumption entry covering six of the said drums was filed by the plaintiff, and delivery of the said six drums was accepted by it on August 25, 1950.

It appears that prior to entry the importer received knowledge that the olive oil contained in the drums had deteriorated and that before importation into the United States from the foreign trade zone it was sold by the plaintiff to a domestic manufacturing chemist for industrial purposes or purposes other than as food.

Upon liquidation of the entry, the collector of customs assessed duty upon the olive oil at the rate of 3¼ cents per pound under the provision in paragraph 53 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade and . the Presidential proclamation. carrying out the Annecy protocol of terms of accession thereto, reported in T. D.'s 52373 and 52423, for—

Oils, vegetable: * * * Olive, not specially provided for * * * .

Claiming that the merchandise as imported was rancid and could only be used for manufacturing purposes, and not for edible purposes, the plaintiff, by its protest, claims free entry under the provision in paragraph 1732 of the said act, for—

Oils, expressed or extracted: * * * olive * * * rendered unfit for use as food or for any but mechanical or manufacturing purposes, by such means as shall be satisfactory to the Secretary of the Treasury and under regulations to be prescribed by him, * * * .

The plaintiff, which is a partnership, was not represented by counsel on the trial of the issue.  Save for the bare conclusion stated by one of the partners on the witness stand, there was no evidence offered tending to establish that the oil as imported was, in fact, unfit for use as food.  The witness did not show any personal knowledge of the facts in relation to the state of the oil as imported, and, as pointed out by counsel for the defendant in the brief filed in its behalf, such statement alone is not proof of the fact.

Moreover, it is urged by counsel for the defendant that in order to secure the benefit of free entry under paragraph 1732 the oil must be rendered unfit for use as food or for any but mechanical or manufacturing purposes by the means prescribed by the Secretary of the Treasury in the applicable customs regulations, the same being section 10.56 of the Customs Regulations of 1943, as amended.

Review of the record and the law applicable to the situation is convincing that both of the contentions made by counsel for the defendant have merit. Plaintiff has failed to establish, and it is not conceded or admitted by the defendant, that the imported oil was, in fact, unfit for use as food, and, specifically, that it was rendered so unfit by the means specified by the Secretary of the Treasury in the regulations prescribed under authority of the paragraph under which plaintiff claims.

Paragraph 1732 does not provide merely for oil unfit for use as food or for any but mechanical or manufacturing purposes, but it provides for such oil when rendered so unfit by certain means specified in regulations prescribed by the Secretary of the Treasury. These regulations are mandatory in nature and compliance therewith is a condition precedent to free entry under the paragraph. See *Monroe-Goldkamp Co.* v. *United States*, 36 Treas. Dec. 49, T. D. 37888, involving a fact situation very similar to that at bar.

Judgment will therefore issue overruling the protest claim.